UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Shonyea Douglas,

                Plaintiff,

         v.

Jordan Bonafede,

                Defendant.
_____

**Hon. Hugh B. Scott**

05CV59

**Decision
&
Order**

      Before the Court is the defendant's motion for summary judgement and to stay discovery (Docket No. 13).

**Background**

      The plaintiff, Shonyea Douglas ("Douglas") brings this action alleging that his civil rights were violated when he was allegedly strip searched by a police officer at the side of a public highway. Douglas alleges that on January 26, 2002 he was a passenger in a car driven by Taretha Johns ("Johns"). The plaintiff states that Poliko Irvin was also present in the car at that time. (Docket No. 1 at ¶ 5). Douglas claims that at some point, State Trooper Jordan Bonafede ("Bonafede") directed Johns to pull over. According to Douglas, Bonafede made the occupants get out of the car; walk back to his patrol car; empty their pockets on the hood of the patrol car;

1

and submit to a pat down. (Docket No. 1 at ¶¶ 9-17).  At some point, a second State Trooper arrived at the scene. (Docket No. 1 at ¶18).   Douglas contends that Bonafede subsequently found several marijuana seeds in the back seat of the car in which the plaintiff was traveling. (Docket No. 1 at ¶ 20).  After some further discussion, Douglas states that Bonafede advised them that he was not going to arrest them, but that he was going to strip search them. (Docket No. 1 at ¶ 26).  The plaintiff claims that Bonafede then pulled Douglas' "pants and undergarments down to his ankles thereby visibly exposing plaintiff's groin and buttocks area to the full view of everyone present and several motorists passing by in their vehicles along the busy highway." (Docket No. 1 at ¶ 29).

 The plaintiff claims that Bonafede subjected him to an unreasonable search in violation of his Fourth Amendment rights. The defendant has moved for summary judgement contending that the doctrine of collateral estoppel bars the plaintiff from maintaining the instant claim inasmuch as the reasonableness of the search was determined after a suppression hearing during the state court criminal trial.

 The suppression hearing testimony of Bonafede and the other officers differs from the allegations in Douglas' complaint.  According to Bonafede, as he was proceeding eastbound on the New York State Thruway (near the Town of Phelps, New York) he observed a car driven by Johns that did not have a plate light or rear view mirror (Docket No. 14 at 0006).  He directed the driver to pull over, approached the vehicle from the passenger side and asked the driver for identification. As he approached the vehicle, Bonafede stated that he saw Douglas "stick his hands down his pants or somewhere in the front area." (Docket No. 14 at 0011).  When asked if he put something down his pants, Douglas allegedly responded "no, I was putting something in

the glove compartment." (Docket No. 14 at 0011). According to Bonafede, "as soon as a window rolled down I observed a heavy odor of burnt marijuana." (Docket No. 14 at 0007). Bonafede testified that he obtained identification from all three individuals and went back to his patrol vehicle to call for assistance. He re-approached the vehicle and directed all three occupants to exit. I proceeded to perform a "cursory search" to see if they possessed weapons. (Docket No. 14 at 0009). Another State Trooper, Michael Jurek, arrived at the scene. Bonafede performed a search of the vehicle which revealed some marijuana seeks and small pieces of stem in the vehicle. As Bonafede was conferring with Jurek as to how to proceed, Bonafede observed Douglas reaching for his groin area in what, to the officer, appeared to be an attempt to "hide something or secret something." (Docket No. 14 at 0010). According to Bonefede, Douglas "grabbed it several times." (Docket No. 14 at 0010). Bonafede testified that Douglas had at least three layers of clothing on: pants, long-underwear, and shorts under the long underwear. (Docket No. 14 at 0031-0032). Bonafede stated that as soon as he attempted to search Douglas, he would "not remove his hands from his pants." (Docket No. 14 at 0011-0012). As this was occurring, Bonafede observed the top of a plastic bag inside Douglas' pants on his right leg. As he attempted to get Douglas' attention regarding the bag, Douglas "reached in and threw three bags out, which landed on the ground." (Docket No. 14 at 0012). Bonafede alerted Jurek and advised Douglas to "come over and place his hands on the vehicle because he was going to be placed under arrest." At that point, Douglas fled, running across all four lanes of the thruway and climbing a hill on the other side. (Docket No. 14 at 0012-0013). Bonafede did not chase after Douglas and lost track of Douglas as he went over the hill. (Docket No. 14 at 0013). The bags thrown by Douglas were found to contain marijuana, crack cocaine and 30 or 40 glassine bags

3

and a razor blade. (Docket No. 14 at 0015).

Douglas apparently obtained a bicycle from a nearby residence and was apprehended, after a brief struggle, a short time later by State Trooper Philip Mosack some distance down the thruway. (Docket No. 14 at 0051-0053). Douglas was charged, and ultimately convicted, of burglary, petit larceny, resisting arrest, criminal possession of a controlled substance, criminally using drug paraphernalia, and unlawful possess of marijuana.

**Collateral Estoppel**

The defendant asserts that the plaintiff is collaterally estopped from bring this claim because of a state court determination denying a suppression motion prior to the criminal trial on the various charges.

The doctrine of collateral estoppel prevents a party from relitigating an issue of fact or law that has been decided in an earlier action. Metromedia Co. v. Fugazy, 983 F.2d 350 (2d Cir.1992); *see also* Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir.2000) (stating that the doctrine applies whether or not the tribunals or causes of action are the same). Under New York law two requirements must first be satisfied before the doctrine may be applied--(1) there must be an identity of issues which were necessarily decided in the prior action and (2) the party precluded from litigating the issue must have had a full and fair opportunity to contest the prior determination. Smith v. Fields, 2002 WL 342620, *1 (S.D.N.Y.,2002); Schwartz v. Pub. Adm'r of Bronx, 298 N.Y.S.2d 955, 960 (1969).

In the instant case, the primary focus of the suppression hearing in the criminal proceeding was the voluntariness of statements made by Douglas. The issue of whether or not

4

Bonafede pulled Douglas' pants down was not argued or presented at the hearing. The closest mention of the subject came on cross-examination, when Bonafede was asked: "Did [Douglas'] pants ever fall to his ankles or anything like that while you were doing that?" (Docket No. 14 at 0031). Bonefede responded "Not to my knowledge" and then proceeded to note that Douglas was wearing three layers of clothing. (Docket No. 14 at 0031-0031). The state court judge determined, as a finding of fact, that:

> Trooper Jurek arrived to assist during this period of time. Trooper Bonafede then saw the defendant reach in his groin area again and at that time he re-searched the defendant. At that time he also saw a baggie in the pant leg area of the pants. The defendant had three layers of clothing on, They include pants, long underwear and shorts. About this time the defendant threw three bags and took off running. Trooper Bonafede told him to shop. Because he was on the Thruway in the traffic area the trooper did not pursue the defendant.

(Docket No. 14 at 0067).

In making such findings, the state court judge did not "necessarily" resolve the question of whether Bonafede pulled Douglas' pants down as part of the search. At no time was such an argument presented to the state court judge, and thus, the findings of the judge presiding over the suppression hearing do not reach on that issue. Issue preclusion on the basis of collateral estoppel requires showings that the issues in both proceedings were identical; that the issue in the prior proceeding as to which estoppel is sought ***was actually litigated and decided***; there was a full and fair opportunity for litigation of that issue in the prior proceeding, and the issue previously litigated was necessary to support a valid and final judgment on the merits. Lavin v. Thornton, 959 F.Supp. 181 (1997), 186 -187 (S.D.N.Y.,1997) citing Gelb v. Royal Globe Insurance Co., 798 F.2d 38, 44 (2d Cir.1986), *cert. denied,* 480 U.S. 948 (1987).

Because the question of whether Bonafede pulled Douglas' pants down during the search was never presented to the state court, the issue was never fully litigated and decided. Thus, the motion to dismiss based upon collateral estoppel is denied. The motion to stay discovery is similarly denied.

It appears that a new scheduling order is necessary in this matter. The following dates shall apply:

Discovery shall be completed by **June 30, 2006.** Any motions to compel shall be filed at least 30 days prior to that date.

Any further dispositive motions shall be filed by **August 31, 2006.** If no dispositive motion is filed, pretrial statements are due **September 19, 2006.** A trial in this matter is scheduled to commence **October 23, 2006** before the undersigned.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 27, 2006